92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Andrew LESLIE, Petitioner,
v.
DRUG ENFORCEMENT ADMINISTRATION, Respondent.
 No. 95-70290.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Andrew Leslie, M.D., petitions pro se for review of an order of the Deputy Administrator of the Drug Enforcement Administration ("DEA") denying his application for a Certification of Registration ("certificate") permitting him to prescribe and dispense controlled substances. We have jurisdiction pursuant to 21 U.S.C. § 877, and we deny the petition.
 
 
 3
 Leslie contends that the DEA erred by finding that it was inconsistent with the public interest to permit Leslie to prescribe and dispense controlled substances. This contention lacks merit.
 
 
 4
 Agency decisions may be set aside only if arbitrary, capricious, an abuse of discretion, or not in accordance with the law. See 5 U.S.C. § 706(2)(A); Dioxin/Organochlorine Ctr. v. Clarke, 57 F.3d 1517, 1521 (9th Cir.1995). Review under the arbitrary and capricious standard is narrow, and we may not substitute our judgment for that of the agency. Id. We must consider only whether the agency's decision was based upon a consideration of the relevant factors and whether there has been a clear error of judgment. See id.
 
 
 5
 The Controlled Substances Act ("Act"), 21 U.S.C. §§ 821-24, authorizes the DEA to deny an application for registration if it "determines that the issuance of such registration would be inconsistent with the public interest." 21 U.S.C. § 823(f). Inconsistency with the public interest is determined by considering:
 
 
 6
 (1) The recommendation of the appropriate State licensing board or professional disciplinary authority.
 
 
 7
 (2) The applicant's experience in dispensing, or conducting research with respect to controlled substances.
 
 
 8
 (3) The applicant's conviction record under Federal or State laws relating to the manufacture, distribution, or dispensing of controlled substances.
 
 
 9
 (4) Compliance with applicable State, Federal, or local laws relating to controlled substances.
 
 
 10
 (5) Such other conduct which may threaten the public health and safety.
 
 
 11
 21 U.S.C. § 823(f).
 
 
 12
 Here, the DEA adopted the administrative law judge's ("ALJ") findings of fact, conclusions of law, and recommended ruling in its entirety. The ALJ, after considering the relevant factors, see id., found that it would be against the public interest to issue Leslie a certificate because Leslie had been convicted of eight counts of prescribing or dispensing controlled substances for no legitimate medical reason. Moreover, instead of recognizing the severity of his conduct and offering evidence of rehabilitation, Leslie repeatedly attempted to attack the validity of his criminal convictions at the ALJ hearing.
 
 
 13
 Because the DEA considered the relevant factors and articulated a rational connection between the factors considered and the conclusions made, the DEA did not act arbitrarily or capriciously by denying Leslie's application for a certificate. See 5 U.S.C. § 706(2)(A); Northwest Motorcycle Ass'n v. United States Dep't of Agriculture, 18 F.3d 1468, 1471 (9th Cir.1994).
 
 
 14
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3